# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 3:13-cr-00012-RCJ-WGC-1 |
| vs. | ) | |
| | ) | |
| VERNON MCCULLUM, III, | ) | **ORDER** |
| Defendant. | ) | |

Pending before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 139). For the reasons given herein, the Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Pursuant to a plea agreement with the United States, Defendant Vernon McCullum, III pled guilty in this Court to count five of the Superseding Indictment for transportation of a minor in interstate commerce for prostitution or other illegal sexual activity, 18 U.S.C. § 2423(a). (*See* J. 1, Oct. 15, 2013, ECF No. 131). Pursuant to the plea agreement, the Court dismissed the remaining four counts of the Superseding Indictment for conspiracy to commit sex trafficking, sex trafficking, promoting prostitution of children, and production of child pornography. The Court sentenced Defendant to 168 months of imprisonment, to be followed by a lifetime period of supervised release. (*See id.* 2–3). Defendant has asked the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

///

## II. LEGAL STANDARDS

Substantive legal arguments not raised on direct appeal are said to be "procedurally defaulted" and cannot be raised later in a collateral attack. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). There are exceptions to the procedural default rule when a defendant can show (1) cause and prejudice, or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)). This has been the test since *Wainwright v. Sykes*, 433 U.S. 72, 90–91 (1977).

"Cause" means "some objective factor external to the defense" that impeded the defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Among the reasons that can constitute "cause" are government coercion, *see United States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991), and a "reasonable unavailability of the factual or legal basis for the claim." *See id.*

Ineffective assistance of counsel is "cause" excusing procedural default only where the failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*, 341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Ineffective assistance of counsel claims meeting the *Strickland* test are not procedurally defaulted, and such claims can be brought for the first time under a § 2255 motion even if they could also have been brought on direct appeal. *Massaro*, 538 U.S. at 504. Ineffective assistance of counsel claims under § 2255 are essentially a special variety of "cause and prejudice" claim. The prejudice required is the same, but the cause is based specifically on constitutionally deficient counsel rather than some other miscellaneous "objective factor external to the defense." *McCleskey*, 499 U.S. at 493.

The Sixth Amendment right to effective assistance of counsel is violated when: (1) counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.  There is a "strong presumption" of reasonable professional conduct. *Id.* at 698.  When this presumption is overcome and an attorney's "unprofessional errors" are such that there is a "reasonable probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).  "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986).  The analysis does not focus purely on outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).  The trial must also have been fundamentally unfair or unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000).  Counsel's tactical decisions with which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 85–86 (2009).

"Prejudice" means that "the constitutional errors raised in the petition actually and substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness." *Murray v. Carrier*, 477 U.S. 478, 494 (1986).  A showing of prejudice requires demonstration of a "reasonable probability that . . . the result of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

Also, issues "clearly contemplated by, and subject to, [a] plea agreement waiver" cannot be brought in a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) (holding that waiver of the right to

appeal does not constitute "cause" excusing procedural default on an issue).  This is a commonsense rule.  If waiver of the right to appeal itself constituted cause excusing a failure to appeal, a defendant who had waived his right to appeal would have the same ability to obtain review as a defendant who had not waived that right.

### III.   ANALYSIS

Defendant argues that his trial counsel was constitutionally ineffective for failing to appeal his conviction and sentence.  The Court finds the claim to be without merit.  Defendant clearly waived the right to appeal or collaterally attack any aspect of his conviction and sentence except ineffective assistance of trial counsel or an upward departure from the sentencing guidelines range. (*See* Plea Agr. 11, July 22, 2013, ECF No. 102).

Defendant does not allege the Court imposed a sentence above the guidelines, and although Defendant retained the right to appeal ineffective assistance claims, any such claims are procedurally defaulted here.  *Strickland* does not excuse the default on the ineffective assistance claims here, because not only was trial counsel not ineffective for failing to file ineffective assistance of trial claims on appeal, trial counsel could not have ethically done so.  Although Defendant retained the right to appeal based upon ineffective assistance, he was bound to appeal himself or find other counsel to pursue that claim.  There is no indication in the record that Defendant ever demanded substitute counsel.  And even if the procedural default could be excused based upon counsel's ineffective assistance in not pursuing an appeal based upon his own ineffectiveness, there is no prejudice, because the underlying ineffective assistance claim that Defendant argues he desired to bring on direct appeal is plainly without merit.

Defendant argues that trial counsel was ineffective for advising him to accept the Plea Agreement in which he agreed to sentencing enhancements for, *inter alia*, "minor in care, custody, control of defendant" and "use of a computer" when those two enhancements did not

factually apply. (*See id.* 5). But Defendant clearly indicated in his plea colloquy that the factual basis for the Plea Agreement was true and that he had not been coerced by his attorney or anyone else into accepting the terms of the Plea Agreement. In other words, this is a simple case of buyer's remorse. Defendant obtained the benefit of a 168 month sentence via the Plea Agreement, thereby avoiding potential multiple life sentences upon a jury conviction. He obtained this benefit after testifying under oath in this Court, *inter alia*: that he read and understood English, that he was not under the influence of any narcotics or other medications (a representation that the Court found credible through in-person observation), that he was satisfied with his attorney's representation, that no one had threatened him or induced him to plead guilty involuntarily, that he had an obligation to tell the Court about any such inducement, that he had read the Plea Agreement, understood it, and had discussed it with counsel before signing it, and that the United States' representations to the Court during the hearing concerning, *inter alia*, the sentencing enhancements were true.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 139) is DENIED.

IT IS SO ORDERED.

Dated this 12th day of February, 2014.

_____
ROBERT C. JONES
United States District Judge