...

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>vs.<br><br>VERNON MCCULLUM, III, *et al.*,<br><br>    Defendants. | 3:13-cr-00012-RCJ<br><br>**ORDER** |

    Defendant McCullum moves for compassionate release claiming that his risk of contracting COVID-19 and becoming severely ill from the disease as well as his mother's need for additional care from him merits early release.[1] The Court disagrees finding he has not exhausted this latter claim, he is not safer from COVID-19 outside of his current prison, and an early release would not be a sufficient sentence for Defendant's conduct.

## FACTUAL BACKGROUND

    In October 2013, Defendant was convicted of illegal transportation for prostitution or other illegal sexual activity in violation of 18 U.S.C. § 2423(a). (ECF Nos. 127, 131.) Defendant pleaded

---

[1] Defendant also moves to attach his PSR and medical records under seal. This motion is not opposed. The Court grants this motion.

guilty pursuant to a plea agreement. (ECF No. 102.) Defendant admitted the following through his plea agreement:

> On or about January 9, 2013, the defendant transported W.D., who was then 15 years old, in interstate commerce from Bakersfield, California, to Reno, Nevada. At the time of the transportation, the defendant intended that W.D. would engage in prostitution or engage in commercial sex acts, i.e., engage in sexual activities in exchange for money, upon arriving in Reno, Nevada.
>
> While in Reno, Nevada, W.D. was in the defendant's care, custody, and control and she engaged in several commercial sex acts. These commercial sex acts were chargeable as criminal offenses under the laws of the State of Nevada. Finally, the defendant directed two other participants to engage in certain actions that helped facilitate the defendant's commission of this crime.

(*Id.* at 4.) The Court sentenced Defendant to 168 months' imprisonment. (ECF No. 131.)

In February 2014, Defendant filed a motion to vacate under 28 U.S.C. § 2255, which the Court denied. (ECF Nos. 139, 140.) The Ninth Circuit denied Defendant's request for a certificate of appealability. (ECF No. 152.)

On January 8, 2021, Defendant filed a pro se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c). (ECF No. 159.) In August, 2021, the Court appointed counsel for Defendant, (ECF Nos. 162, 163), who filed a supplemental motion for compassionate release on January 3, 2022. (ECF No. 164.)

**LEGAL STANDARD**

A district court may not generally "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is that a court may grant a reduction to a term of imprisonment "(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" based on "extraordinary and compelling reasons." § 3582(c)(1)(A). Congress delegated the authority to determine what constitutes extraordinary and compelling to the Sentencing Commission. 28 U.S.C. § 994(a)(2)(C) (requiring the Commission to promulgate policy statements for

§ 3582(c)); *id.* § 994(t) ("The Commission . . . shall describe what should be considered extraordinary and compelling reasons for sentence reduction . . . ."); *see Dillon v. United States*, 560 U.S. 817, 820 (2010) (holding that the Commission's policy statements are binding). Before granting such relief, the court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable" and find that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Either the Director or a defendant may bring a motion under § 3582(c)(1)(A). A court, however, may not consider a motion brought by a defendant unless he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

## ANALYSIS

Compassionate release is not appropriate here for at least three reasons: (1) Defendant has not exhausted his claim regarding his mother; (2) Defendant's risk of contracting COVID-19 is not greater incarcerated; and (3) a three-year deduction in Defendant's would not meet the sentencing factors under 18 U.S.C. § 3553(a).

First, as this Court has previously held, "exhaustion under § 3582(c)(1)(A) requires a defendant to specify each extraordinary or compelling circumstance he intends to rely on in a motion for compassionate release." *United States v. Baye*, 464 F. Supp. 3d 1178, 1185 (D. Nev. 2020) (citing *United States v. Mogavero*, No. 2:15-CR-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020)). Defendant has only presented his claim related to COVID-19 to the warden of his prison. The Court therefore denies this basis of the motion.

Second, vaccination rates are higher in Fort Dix FCI, where Defendant is serving his sentence, than Washoe County, Nevada, where Defendant wants to live. *COVID-19 Coronavirus:*

*COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last visited January 26, 2022); *Tracking Coronavirus in Washoe County, Nev.*, New York times, https://www.nytimes.com/interactive/2021/us/washoe-nevada-covid-cases.html (last visited January 26, 2022). And, the death rate at Fort Dix FCI is more than three time lower than Washoe County, Nevada. *COVID-19 Coronavirus: COVID-19 Cases* (reporting 2 deaths for over 3,000 inmates translating to a death rate of about 60/100,000); *Tracking Coronavirus in Nevada: Latest Map and Case Count*, New York times, https://www.nytimes.com/interactive/2021/us/washoe-nevada-covid-cases.html (last visited January 26, 2022) (reporting that Washoe County, Nevada has a total death rate of 232/100,000). As such, Defendant has far from shown that he is at a significantly higher risk of becoming severely ill from COVID-19 because of his incarceration in Fort Dix FCI.

Importantly, the Court also notes that Defendant has refused to receive the COVID-19 vaccine despite being offered one for free from the prison. (ECF No. 165-1 at 95.)[2] Courts have routinely found that being vaccinated as well as refusing to be vaccinated merits denial of a motion for compassionate release based on a risk of contracting COVID-19. *See, e.g., United States v. Williamson*, No. CR 3:19-00184, 2021 WL 5911204, at *1 (S.D.W. Va. Dec. 14, 2021). Studies show that up-to-date vaccinations are 90% effective against preventing serious illness from the Omicron variant. *Booster Shots 90% Effective at Preventing Omicron Hospitalizations: CDC Data*, Web M.D., https://www.webmd.com/vaccines/covid-19-vaccine/news/20220124/booster-shots-effective-preventing-omicron-hospitalizations-cdc (last visited January 26, 2022). As such, this Court agrees with others finding that a refusal to get vaccinated severely undercuts a claim for compassionate release because of COVID-19.

///

---

[2] This exhibit is a combination of Defendant's medical records. The page number refers to the page of the total 162 pages of this exhibit.

Lastly, the Court is not convinced a three-year reduction in Defendant's sentence would be appropriate under the § 3553(a) factors. The Court sentenced Defendant at the top of his guideline range, and noted, among other things "there has to be a deterrent factor" to others who may contemplate sex trafficking a minor. (ECF No. 157 at 19, 21.) The PSR also recommended a high-end guideline sentence and noted that Defendant "is an admitted 'pimp' who has derived his sole income from the human trafficking of young women." PSR ¶ 64. The Court therefore finds compassionate release is not proper here.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motions for Compassionate Release (ECF Nos. 159, 164) are DENIED.

IT IS FURTHER ORDERED that Motion to Seal (ECF No. 165) is DENIED.

IT IS SO ORDERED.

Dated March 29, 2022.

_____
ROBERT C. JONES
United States District Judge